**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL NAZARA and CONNIE NAZARA, Plaintiffs - Appellants, v. FR LOG HOMES, INC., a Washington State corporation, DBA Caribou Creek Log Homes, Defendant - Appellee. | No. 10-16643 D.C. No. 1:10-cv-00177-HG-KSC MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, Senior District Judge, Presiding

Argued and Submitted June 13, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Joel and Connie Nazara ("the Nazaras") appeal the district court's dismissal

of their diversity action against FR Log Homes, Inc. We have jurisdiction under

28 U.S.C. § 1291 and 9 U.S.C. § 16. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"The Supreme Court has repeatedly held that, absent a contrary provision in the . . . agreement, the existence and scope of a contract to arbitrate are questions for the court to determine in the first instance." *Cal. Trucking Ass'n v. Bhd. of Teamsters & Auto Truck Drivers, Local 70*, 679 F.2d 1275, 1280 (9th Cir. 1981) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Here, the district court correctly concluded that the arbitration clause encompasses the dispute at issue, because the clause states that "all disputes between the parties" arising from the construction agreement must be arbitrated in Boundary County, Idaho. *See Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732-33 (9th Cir. 2006). The district court also correctly determined that the arbitration agreement is valid, because the enforceability of an arbitration provision does not turn on state public policy. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006).

The Nazaras argue that the district court should have stayed proceedings rather than dismissed the case. However, the mandatory language of Section 3 of the Federal Arbitration Act, requiring a district court to enter an order staying proceedings and compelling arbitration, is only triggered "on application of one of the parties," and the mandatory language of Section 4 is only triggered upon a "petition" of a party. *See* 9 U.S.C. §§ 3, 4. Here, neither party petitioned the

2

district court to stay proceedings or compel arbitration under the Federal Arbitration Act. Therefore, the district court had discretion to grant FR Log Homes' motion to dismiss. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637-38 (9th Cir. 1988).

The Nazaras also argue that the district court improperly compelled arbitration in Idaho under Section 3 of the Federal Arbitration Act. However, the district court's order merely dismissed the action "without prejudice to Plaintiffs submitting their claims to arbitration in Boundary County, Idaho." This order did not, by its terms, compel arbitration. It merely explains that, *if* the Nazaras want to pursue this claim in arbitration, they are not prejudiced from doing so according to the terms of the arbitration clause.

**AFFIRMED.**